■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. WILLIAM E. SAGENDORF, Respondent.— Appeal from an order of the County Court of Rensselaer County, dated August 12, 1971, which granted defendant's motion to suppress evidence. On June 13, 1970 defendant, then 17, was questioned at his home in the presence of his mother by officer Dodge concerning the occurrence of certain fires. A polygraph test was suggested to which defendant agreed. At noon on June 15 officer Dodge drove defendant to the State Police

Barracks and left him there until 2:30 P.M., at which time he returned to pick up defendant. No polygraph test was given and the operator is now deceased. On the return trip, officer Dodge asked defendant if he wished to make a statement, and after defendant agreed to do so, he drove him to the Troy Police Station. Defendant was given his *Miranda* warnings at the station by officer Dodge, who then asked defendant if he understood them, to which defendant replied affirmatively. Defendant then read aloud and signed a printed waiver of rights in front of three policemen. He proceeded to make two statements, which were transcribed and then signed by him, admitting involvement in two fires under investigation. After a voluntariness hearing, held prior to trying defendant on charges of arson, the above statements were excluded on the grounds that the prosecution failed to meet its burden of proof beyond a reasonable doubt that the statements were given voluntarily, the court granting a motion to exclude made at the close of the prosecution's case. We cannot say on the facts herein that the prosecution failed to make a prima facie showing of voluntariness beyond a reasonable doubt. Consequently, the motion to exclude the confessions, made at the close of the prosecution's presentation, was erroneously granted, and the matter should be remitted for the purpose of taking further testimony on the issue of voluntariness. Order reversed, on the law and the facts, and matter remitted to County Court of Rensselaer County for further proceedings not inconsistent herewith. Staley, Jr., J. P., Cooke, Sweeney, Simons and Kane, JJ., concur.